IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02584-BNB

ABEER FARAGALLA,

Plaintiff,

v.

DOUGLAS COUNTY SCHOOL DISTRICT RE. 1 "DCSD,"
DOUGLAS COUNTY EDUCATIONAL FOUNDATION "DCEF,"
DOUGLAS COUNTY SCHOOL DISTRICT BOARD OF EDUCATION "BOE," and
CEREBRAL PALSY OF COLORADO "CP,"

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 02 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Abeer Faragalla, initiated this action by filing *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a complaint pursuant to Title VII. In an order filed on December 12, 2007, the Court directed Ms. Faragalla to cure certain enumerated deficiencies, including to submit her complaint on the proper, Court-approved Title VII complaint form, and provided her with the Court's Title VII complaint form. On December 17, 2007, Ms. Faragalla submitted an amended complaint pursuant to Title VII that was not on the Court's Title VII complaint form. On December 20, 2007, she submitted an "Emergency Motion for Expediting the Litigation of Civil Action No. 07-cv-02584-BNB," which was denied.

The Court must construe the amended complaint liberally because Ms. Faragalla is representing herself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Faragalla will be ordered to file a second amended complaint.

The Court has reviewed Ms. Faragalla's amended complaint and finds that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Ms. Faragalla "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her;

and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Ms. Faragalla's amended complaint is rambling and prolix. By failing to use the proper, Court-approved, Title VII complaint form as directed, she fails to make clear the basis for asserting claims of employment discrimination pursuant to Title VII and fails to organize her allegations and claims in a concise and coherent manner. As a result, she is delaying the Court's ability to address her claims.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Ms. Faragalla should be given an opportunity to file a second amended complaint. She will be directed to do so below.

Finally, Ms. Faragalla is advised that she must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Accordingly, it is

ORDERED that Ms. Faragalla file **within thirty (30) days from the date of this order** a second amended complaint on the proper, Court-approved Title VII complaint form that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Title VII Complaint," and shall be filed with the Clerk of the Court,

United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Faragalla, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Title VII Complaint. It is

FURTHER ORDERED that Ms. Faragalla submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Ms. Faragalla fails to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED January 2, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 07-cv-02584-BNB

Abeer Marie Faragalla
19675 Clubhouse Drive, Apt. 106
Parker, CO 80138

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on \_\_1\\2\\08\_\_

                                GREGORY C. LANGHAM, CLERK

                              By: _____
                                      Deputy Clerk