IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02584-REB-BNB

ABEER FARAGALLA

Plaintiff,

v.

DOUGLAS COUNTY SCHOOL DISTRICT RE1 "DCSD,"
CEREBRAL PALSY OF COLORADO "CP,"
DOUGLAS COUNTY EDUCATION FOUNDATION, and
DOUGLAS COUNTY SCHOOL DISTRICT BOARD OF EDUCATION "BOE,"

Defendants.
_____

**ORDER**
_____

This matter arises in connection with **Plaintiff's Response to DCSD's Motion for Summary Judgment** [Doc. #176, filed 02/12/2009] (the "Response"). The Response is STRICKEN.

Defendant Douglas County School District RE1 ("DCSD") filed a motion for summary judgment on January 23, 2009 [Doc. #157]. The motion is 20 pages long, typewritten, and double-spaced.

The plaintiff filed a 23 page Response. The Response is type-written in a small font, and most of the 23 pages are single-spaced. All type-written papers filed in this Court must be double-spaced, D.C.COLO.LCivR 10.1E, and must utilize not less than a 12-point font. D.C.COLO.LCivR 10.1D.

In addition to the 23 page Response, the plaintiff also submitted a notebook of exhibits. The first exhibit is a 28 page affidavit which painstakingly chronicles events occurring from

January 2005 until May 2007. The affidavit is filled with superfluous details and commentary. For example, the affidavit contains a section captioned "Comments which I cant [sic] recall all the details of." The opening paragraph of this section states:

> At the time of compiling this affidavit, I had forgotten some comments, but the ones I recall are enough to show how severe and persistent was this hostile environment. For example, I no longer recall the context of Gates [sic] comment about my reference, Bill, but I can remember distinctively Gates, wearing a grey suit, standing by the desk station of D, and saying "Bill is our guy[.]"

Affidavit, p. 26.

The superfluous nature of the affidavit is illustrated by the plaintiff's use of it. She cites to only a small portion of the 28 pages, but she fails to provide any pinpoint citations. *Response*, pp. 2, 6. The affidavit is submitted in a font smaller than 12-point.

Affidavits must be based on personal knowledge and must set forth facts that would be admissible in evidence. Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted). "Conclusory and self-serving affidavits are not sufficient." Id. "[U]ltimate or conclusory facts and conclusions of law, as well as statements made on belief or 'on information and belief' cannot be utilized on a summary-judgment motion. Similarly, the mere reargument of a party's case or the denial of an opponent's allegations will be disregarded." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2738 (3d ed. 1998).

The plaintiff's affidavit is tedious and prolix. It does not set forth specific admissible facts. To the contrary, it is a narrative of countless events which occurred over two and a half years.

The plaintiff must submit a revised response to the defendant's summary judgment motion on or before **March 23, 2009**. The revised response may not exceed 20 type-written pages, all of which must be double spaced, utilizing a font not less than 12-point. Each factual statement shall be supported by a pinpoint cite to evidence.

If an affidavit is submitted with the renewed response, the affidavit shall set forth pertinent factual statements which are responsive to the defendant's summary judgment motion and which would be admissible in evidence. The affidavit must be presented in numbered paragraphs. Each paragraph shall set forth a single factual statement or set of related facts. The affidavit may not exceed ten pages in length and shall be submitted in a 12-point font. Any citations to the affidavit shall be to a numbered paragraph.

IT IS ORDERED that the Response and related exhibits are STRICKEN.

IT IS FURTHER ORDERED that the plaintiff shall submit a revised response to Defendant Douglas County School District RE1's motion for summary judgment [Doc. #157] on or before **March 23, 2009**. The response shall comply with the Federal Rules of Civil Procedure and this Order.

Dated February 24, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge