**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-02584-REB-BNB

ABEER FARAGALLA,

      Plaintiff,

v.

DOUGLAS COUNTY SCHOOL DIRSTRICT [*sic*] RE1 "DCSD,"
CEREBRAL PALSY OF COLORADO "CP,"
DOUGLAS COUNTY EDUCATION FOUNDATION," and
DOUGLAS COUNTY SCHOOL DISTRICT BOARD OF EDUCATION "BOE,"

      Defendants.

**ORDER DENYING MOTION FOR RECONSIDERATION [#245]**

**Blackburn, J.**

This matter is before me on the plaintiff's **Motion for Clarification of the Court's Order [#244], which Overruled my Rule 72 Objections to Orders of the Magistrate Judge** [#245][1] filed May 11, 2009. I read the plaintiff's motion as seeking two types of relief. First, the plaintiff seeks reconsideration of my order [#244] filed May 8, 2009, in which I overruled the plaintiff's objections to certain orders entered by the magistrate judge. Second, the plaintiff seeks clarification of the formatting requirements for her responses to certain motions and the deadline for the filing of her responses. I deny the plaintiff's motion to the extent she seeks reconsideration of my order [#244]. To the extent the motion raises other issues, I refer those issues to Magistrate Judge Boland.

---

[1] "[#245]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

I note that the plaintiff, Abeer Faragalla, has acted *pro se* throughout this case. Because the plaintiff is proceeding *pro se*, I have reviewed all of her pleadings and papers, including the motion at issue here, more liberally than pleadings or papers prepared and filed by attorneys. *See, e.g.*, **Erickson v. Pardus**, 551 U.S. 89, ___,127 S.Ct. 2197, 2200 (2007); **Haines v. Kerner,** 404 U.S. 519, 520-21 (1972); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff does not substantiate in her motion any of the three usual bases for reconsideration of an order, which are (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. **Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). A motion for reconsideration is not appropriate when the movant seeks to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. *Id*. Absent some valid basis on which I should reconsider my order [#244], I conclude that the plaintiff's motion to reconsider that order must be denied.

Throughout this case, Magistrate Judge Boland has addressed the issues surrounding the formatting of the plaintiff's filings and the deadlines for those filings. In addition to seeking reconsideration of my previous order [#244], plaintiff raises in her present motion a variety of issues concerning the timing and formatting of her filings. for considerations of judicial economy and consistency, I will refer those issues to Magistrate Judge Boland for resolution.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion for Clarification of the Court's Order [#244],**

**which Overruled my Rule 72 Objections to Orders of the Magistrate Judge** [#245], filed May 11, 2009, is **DENIED** to the extent the plaintiff seeks reconsideration of my previous order [#244] entered May 8, 2009;

    2.  That the other issues raised in the plaintiff's **Motion for Clarification of the Court's Order [#244], which Overruled my Rule 72 Objections to Orders of the Magistrate Judge** [#245], filed May 11, 2009, are **REFERRED** to Magistrate Judge Boyd N. Boland for resolution.

    Dated May 12, 2009, at Denver, Colorado.

                                        **BY THE COURT:**

Robert E. Blackburn
United States District Judge