IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02584-REB-BNB

ABEER FARAGALLA

Plaintiff,

v.

DOUGLAS COUNTY SCHOOL DISTRICT RE1 "DCSD,"
CEREBRAL PALSY OF COLORADO "CP,"
DOUGLAS COUNTY EDUCATION FOUNDATION, and
DOUGLAS COUNTY SCHOOL DISTRICT BOARD OF EDUCATION "BOE,"

Defendants.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion for Clarification of the Court's Order** (etc.) [Doc. #260, filed 6/9/09] (the "Motion"). The Motion is GRANTED as specified.

Defendant Douglas County School District RE1 ("DCSD") filed a motion for summary judgment on January 23, 2009 [Doc. #157]. The plaintiff filed a response to the motion on February 12, 2009 [Doc. #176]. On February 24, 2009, I struck the plaintiff's response because it did not comply with formatting requirements, and the attached affidavit was prolix and tedious and did not set forth specific admissible facts. I ordered the plaintiff to submit, on or before March 23, 2009, a response to DCSD's motion which complied with my order. *Order* [Doc. # 183].

Instead of filing a revised response to DCSD's summary judgment motion, on February 26, 2009, the plaintiff filed a motion for reconsideration of my order [Doc. #185]. I denied the motion for reconsideration on February 27, 2009 [Doc. #187].

Defendant Douglas County Federation for Classified Employees' ("DCFCE") filed a motion for summary judgment on January 23, 2009 [Doc. #149]. The plaintiff filed a response to the motion on February 17, 2009 [Doc. #182]. On March 4, 2009, the plaintiff filed a motion for leave to resubmit or revise her response to DCFCE's motion for summary judgment [Doc. #198] on the grounds that her initial response relied heavily on her response to DCSD's motion for summary judgment. I granted the plaintiff's motion to resubmit her response to DCFCE's motion for summary judgment [Doc. #202]. I directed the plaintiff to submit a revised response on or before April 6, 2009, which complied with formatting requirements and did not incorporate by reference any other response.

Instead of filing a revised response to DCFCE's summary judgment motion, on March 6, 2009, the plaintiff filed a motion for reconsideration of my order [Doc. #204]. I denied the motion for reconsideration [Doc. #224]. On April 1, 2009, the plaintiff moved for an extension of time to file a revised response to DCFCE's summary judgment motion [Doc. #221]. I granted the motion and ordered the plaintiff to respond to the motion on or before April 13, 2009 [Doc. #225].

On March 23, 2009, the plaintiff filed her revised response to DCSD's summary judgment motion [Doc. #218]. I struck the revised response [Doc. #219] because it did not comply with my order dated February 24, 2009. I directed the plaintiff to submit a second revised response in compliance with my orders on or before April 10, 2009. I cautioned the plaintiff that failure to do so could result in sanctions, including dismissal of this case. Instead of filing a second revised response, the plaintiff filed an objection with the district judge [Doc. #220]. In addition, on April 6, 2009, the plaintiff filed a motion to vacate the April 10, 2009,

deadline [Doc. #226] to submit a second revised response to DCSD's summary judgment motion. I denied the motion [Doc. #234].

On April 6, 2009, the plaintiff filed an objection [Doc. #227] to my orders related to her response to DCFCE's summary judgment motion.

On April 10, 2009, she filed a motion [Doc. #232] to vacate the deadlines to file her second revised response to DCSD's summary judgment motion and her revised response to DCFCE's summary judgment motion "pending a ruling on plaintiff's appeal." I denied the motion in an order dated April 13, 2009 [Doc. #234]. The plaintiff objected to this order on April 14, 2009 [Doc. #236].

On May 8, 2009, the district judge overruled the plaintiff's objections to my orders [Doc. #244]. Despite my clear directives regarding the formatting requirements and deadlines for her responses to DCSD and DCFCE's motions for summary judgment, on May 11, 2009, the plaintiff filed a motion [Doc. 245] "to clarify" the existing deadlines and formatting requirements for filing her responses. I granted the plaintiff an extension of time until June 1, 2009, to submit her to responses to DCSD and DCFCE's motions for summary judgment, and the motion was denied in all other respects [Docs. #247 and 248]. The plaintiff was warned that no further extensions would be granted [Doc. #247].

Undaunted, on May 12, 2009, the plaintiff filed a motion [Doc. #249] for reconsideration of my order, which I denied on May 12, 2009 [Doc. #249]. The plaintiff, not surprisingly, objected to my order [Doc. #252] and filed a motion to vacate the June 1 deadline to file her responses [Doc. #253]. I denied the motion to vacate the June 1 deadline [Doc. #255], and the district judge overruled the plaintiff's objections [Doc. #257].

The plaintiff filed a motion to "clarify" [Doc. #258] the district judge's order as to the deadline for her responses. The district judge granted the motion to clarify and informed the plaintiff that the June 1 deadline for her responses remains in effect [Doc. #259]. The district judge stated that "[t]he filing of an objection to an order of the magistrate judge setting a deadline does not create an automatic extension of that deadline."

The plaintiff then filed the instant motion [Doc. #260]. She seeks "clarification" of the district judge's order or "reconsideration" of his order, or an extension of time to file her responses.

The plaintiff 's persistent and unjustified tactic of seeking reconsideration of virtually every decision and then filing objections, none of which have been sustained, is an abusive litigation tactic. Instead of submitting timely responses which comply with reasonable formatting requirements, she has filled the docket with motions designed to delay this case. Despite these abusive litigation tactics, I will grant the plaintiff one final extension of time to file responses to DCSD and DCFCE's motions for summary judgment. No further extensions of time will be granted under any circumstance, however, and the plaintiff is warned that filing an objection does not create an extension of a deadline.

IT IS ORDERED that the plaintiff's responses to DCSD and DCFCE's motions for summary judgment are due on or before **June 19, 2009**.

IT IS FURTHER ORDERED that the June 19, 2009, deadline will not be extended for any reason.

IT IS FURTHER ORDERED that failure to submit timely responses which comply with this order and with my previous orders may result in sanctions, including dismissal of this case with prejudice.

Dated June 11, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge