**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-02584-REB-BNB

ABEER FARAGALLA,

    Plaintiff,

v.

DOUGLAS COUNTY SCHOOL DISTRICT RE 1,
DOUGLAS COUNTY SCHOOL DISTRICT BOARD OF EDUCATION,
DOUGLAS COUNTY FEDERATION FOR CLASSIFIED EMPLOYEES, and
CEREBRAL PALSY OF COLORADO,[1]

    Defendants.

**ORDER ADOPTING RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on (1) **Defendant Douglas County Federation for Classified Employees' Revised Motion for Summary Judgment** [#148][2] filed January 23, 2009; (2) **Defendant Cerebral Palsy's Second Motion for Summary Judgment** [#152] filed January 23, 2009; (3) **Defendant DCSD's Motion for Summary Judgment** [#157] filed January 23, 2009; (4) the **Recommendation of United Sates Magistrate Judge** [#277] filed August 10, 2009; (5) the **Recommendation of United Sates Magistrate Judge** [#278] filed August 10, 2009; and (6) the **Recommendation**

---

[1] The magistrate judge concluded, and I agree, that the operative complaint is the plaintiff's **Third Amended Title VII Complaint** [#59] filed May 22, 2008. I have named the defendants in the caption of this order as the defendants are named in the operative complaint.

[2] "[#148]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**of United Sates Magistrate Judge** [#279] filed August 10, 2009.  The plaintiff filed objections [#283, #284, #285] to each of the three recommendations.  I overrule the objections, approve and adopt the recommendations, and grant the motions for summary judgment.

## I.  STANDARD OF REVIEW

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and I have considered carefully the recommendation, objections, and applicable case law.  In addition, because plaintiff is proceeding *pro se*, I have construed her filings generously and with the leniency due *pro se* litigants.  **See *Erickson v. Pardus***, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  In his recommendations, the magistrate judge stated correctly the standard of review applicable to a motion for summary judgment.

## II.  DISCUSSION

The operative complaint is the plaintiff's **Third Amended Title VII Complaint** [#59] filed May 22, 2008 (Complaint).  The three pending motions for summary judgment address the claims asserted by the plaintiff, Abeer Faragalla, in her Compliant.

In the recommendation docketed as [#277], the magistrate judge addresses defendant Cerebral Palsy of Colorado's (CP) motion for summary judgment [#152].  CP is Faragalla's former employer.  Faragalla alleges in claim ten that CP provided negative information and references concerning Faragalla to Faragalla's prospective employers. Faragalla asserts claims against CP under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17 and 42 U.S.C. § 1981.  Faragalla's Title VII and § 1981

claims are based on her allegation that CP discriminated against her by giving her discriminatory references which prevented her from obtaining other employment.[3] Based on the same factual allegations, Faragalla asserts also claims against CP for defamation and intentional infliction of emotional distress.

    I have reviewed the magistrate judge's analysis of the evidence in the record and his analysis of the issues presented in CP's motion for summary judgment and Faragalla's response [#181] to that motion.  In addition, I have reviewed Faragalla's objections [#285] to the magistrate judge's recommendation [#277], including the evidence she cites in her objections.  I agree with the magistrate judge's conclusion that, viewing the undisputed facts in the record in the light most favorable to Faragalla, there are no genuine issues of material fact concerning Faragalla's claims against CP, and CP is entitled to judgment as a matter of law.  I overrule Faragalla's objections [#285] to the magistrate judge's recommendation [#277], I approve and adopt the recommendation [#277], and I grant CP's motion for summary judgment [#152].

    In the recommendation docketed as [#278], the magistrate judge addresses defendant Douglas County School District RE1's (DCSD) motion for summary judgment [#157].  This motion addresses the claims asserted against the DCSD and against the Douglas County School District Board of Education.  I refer to these two defendants collectively as DCSD.  The DCSD is Faragalla's former employer against whom Faragalla alleges several claims.  Faragalla alleges that the DCSD violated Title VII and

---

[3] To the extent the complaint can be read as asserting a claim for employment discrimination based on Faragalla's discharge from employment by CP, I conclude that CP is entitled to summary judgment.  As CP notes in its motion, Faragalla filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) after her employment with CP was terminated.  *CP's motion for summary judgment* [#152], p. 2.  The EEOC issued a right to sue letter, but Faragalla did not file suit within 90 days of the issuance of the right to sue letter.  In her response to CP's motion, Faragalla does not address or dispute these contentions as they concern a claim based on the termination of Faragalla's employment by CP.

3

§ 1981 when it subjected her to a hostile work environment, denied her job opportunities, subjected her to different terms and conditions of employment, gave her a negative performance evaluation, denied her "due process to grievance," refused to compensate her for additional duties imposed on Faragalla, terminated her employment, and provided negative references to prospective employers. *Complaint*, claims 1 - 10, 12. Faragalla alleges also that the DCSD retaliated against her for her "participation in protected and nonprotected activities" and her "opposition to the DCSD's unlawful practices" by taking the various actions that are the basis for the claims summarized above. *Complaint*, claims 2, 5, 6, 10. Based on the same factual allegations, Faragalla asserts also claims under § 1983, asserting violations of the Fifth and Fourteenth Amendments to the United States Constitution.

In addition, Faragalla asserts claims under state tort law that she describes as breach of duty of fair dealing, wrongful discharge, intentional infliction of emotional distress, civil battery, defamation, gross negligence, reckless disregard to the protected rights of others, reckless endangerment, and unfair labor dealing. *Complaint*, claims 7, 8, 10, 12. Finally, Faragalla asserts claims under state statutory enactments that she labels as the Fair Labor Practices Act, Colorado Labor Relation Act, and Colorado Labor Peace Act. *Complaint*, claim 7. As the magistrate judge notes, Faragalla provides no citation to the Fair Labor Practices Act or the Colorado Labor Relation Act, and the independent research of the magistrate judge failed to disclose the existence of either act. Faragalla does not address this issue in her objections.

I have reviewed the magistrate judge's analysis of the evidence in the record and his analysis of the issues presented in the DCSD's motion for summary judgment [#157] and Faragalla's response [#266] to that motion. In addition, I have reviewed

Faragalla's voluminous objections [#283] to the magistrate judge's recommendation [#278], including the evidence she cites in her objections. Without reiterating unnecessarily the magistrate judge's analysis, I find that the magistrate judge's analysis of the relevant issues and evidence, including his analysis of the issues of protected activity, for the purpose of the retaliation claims, pretext, hostile work environment, and related issues, is correct. Ultimately, I agree with the magistrate judge's conclusion that Faragalla has not come forward with evidence that demonstrates the existence of a genuine issue of material fact as to any of her claims against the DCSD, and that, viewing the undisputed facts in the record in the light most favorable to Faragalla, the DCSD is entitled to judgment as a matter of law. I overrule Faragalla's objections [#283] to the magistrate judge's recommendation [#278], I approve and adopt the recommendation [#278], and I grant the DCSD's motion for summary judgment [#157].

In the recommendation docketed as [#279], the magistrate judge addresses defendant Douglas County Federation for Classified Employees' Revised Motion for Summary Judgment [#149]. Faragalla alleges in claim eleven that Douglas County Federation for Classified Employees (DCFCE), a union, refused to arbitrate Faragalla's claims against the DCSD. She alleges that the DCFCE's refusal to arbitrate her claims violated § 1981, § 1982, the Fifth and Fourteenth Amendments to the United States Constitution, Title VII, the National Labor Relations Act, "Colorado labor relations law," and the Colorado Labor Peace Act. *Complaint*, claim 11. In addition, Faragalla asserts claims for breach of contract, negligent misrepresentation, intentional infliction of emotional distress, and "breach of fair representation duty" against the DCFCE. *Complaint*, claim 11.

I have reviewed the magistrate judge's analysis of the evidence in the record and

5

his analysis of the issues presented in the DCFCE's motion for summary judgment and Faragalla's response [#265] to that motion.  In addition, I have reviewed Faragalla's objections [#284] to the magistrate judge's recommendation [#279], including the evidence she cites in her objections.  I agree with the magistrate judge's conclusion that, viewing the undisputed facts in the record in the light most favorable to Faragalla, there are no genuine issues of material fact concerning Faragalla's claims against the DCFCE, and the DCFCE is entitled to judgment as a matter of law. I overrule Faragalla's objections [#284] to the magistrate judge's recommendation [#279], I approve and adopt the recommendation [#279], and I grant the DCFCE's motion for summary judgment [#149].

### III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United Sates Magistrate Judge** [#277] filed August 10, 2009, is **APPROVED** and **ADOPTED** as an order of this court;

2.  That the **Recommendation of United Sates Magistrate Judge** [#278] filed August 10, 2009, is **APPROVED** and **ADOPTED** as an order of this court;

3.  That the **Recommendation of United Sates Magistrate Judge** [#279] filed August 10, 2009, is **APPROVED** and **ADOPTED** as an order of this court;

4.  That the plaintiff's objections [#283] filed August 28, 2009, are **OVERRULED**;

5.  That the plaintiff's objections [#284] filed August 28, 2009, are **OVERRULED**;

6.  That the plaintiff's objections [#285] filed August 28, 2009, are **OVERRULED**;

7.  That **Defendant Douglas County Federation for Classified Employees' Revised Motion for Summary Judgment** [#149] filed January 23, 2009, is **GRANTED**;

8.  That **Defendant Cerebral Palsy's Second Motion for Summary Judgment**

[#152] filed January 23, 2009, is **GRANTED**;

    9.  That **Defendant DCSD's Motion for Summary Judgment** [#157] filed January 23, 2009, is **GRANTED**;

    10.  That **JUDGMENT SHALL ENTER** in favor of the defendants, Douglas County School District RE 1, Douglas County School District Board of Education, Douglas County Federation for Classified Employees, and Cerebral Palsy of Colorado, against the plaintiff, Abeer Faragalla, on each of the plaintiff's claims as stated in her **Third Amended Title VII Complaint** [#59] filed May 22, 2008;

    11.  That the defendants are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

    12.  That the Trial Preparation Conference set for September 17, 2009, at 10:00 a.m., is **VACATED**;

    13.  That the trial set to begin on October 5, 2009, at 8:30 a.m., is **VACATED**; and

    14.  That this case is **CLOSED**.

Dated September 3, 2009, at Denver, Colorado.

                                    **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge